## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Nov 30 2015, 8:24 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Darren Bedwell
Marion County Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

James B. Martin
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Clarence White,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | November 30, 2015<br><br>Court of Appeals Case No.<br>49A02-1504-CR-222<br><br>Appeal from the Marion Superior Court<br><br>The Honorable Amy M. Jones, Judge<br><br>Trial Court Cause No.<br>49F08-1402-CM-8265 |

**Baker, Judge.**

[1] On February 19, 2014, Clarence White crashed his red Honda Civic into the fence surrounding a dumpster on the premises of Riverwood Apartments. The maintenance man, Terrence Burnett, approached the scene. White got out, pointed a gun at Burnett, and said, "you didn't see this." Appellant's App. 16. White got back in the car and drove off, later striking a vehicle from behind.

[2] That day, the State charged White with class A misdemeanor pointing a firearm,[1] class B misdemeanor failure to stop after an accident causing damage to property,[2] and class B misdemeanor failure to stop after an accident causing damage to an unattended vehicle.[3]

[3] On March 16, 2015, White and the State agreed to a plea agreement: White pled guilty to the class A misdemeanor pointing a firearm and was sentenced to 365 days with 357 days suspended. Pursuant to the agreement, the State dismissed the other two counts and White agreed to pay restitution to Riverwood Apartments in an amount to be later determined.

[4] The trial court held the restitution hearing on March 25, 2015. At the hearing, the State presented evidence of the cost of damages to the Riverwood Apartments. At the hearing, White objected to the invoice provided by Riverwood Apartments. He then directed the trial court: "the consideration is

---

[1] Ind. Code § 35-47-4-3(b).

[2] Ind. Code § 9-26-1-1.1(b).

[3] *Id.*

the defendant's ability to pay." Tr. 17. The trial court responded: "This is not something that is going to be paid next week, all right? What I'm looking at is a good-faith effort towards paying this. . . ." *Id.* at 19. The trial court ordered White to pay $675 in restitution to Riverwood Apartments.

[5] White has a single argument on appeal. He requests that we reverse his restitution order because the victim of the crime to which he pled guilty was Burnett, not Riverwood Apartments. Moreover, he argues that there is no evidence that the crime to which he pled guilty, pointing a firearm, caused the damage to the fence around the dumpster.

[6] Assuming for the sake of argument that White's legal claim is correct, and that he did not waive it (since he never raised it before the trial court), his argument still fails. A "plea agreement is contractual in nature, binding the defendant, the state, and the trial court." *Pannarale v. State*, 638 N.E.2d 1247, 1248 (Ind. 1994). Further, "a defendant may not enter a plea agreement calling for an illegal sentence, benefit from that sentence, and then later complain that it was an illegal sentence." *Collins v. State*, 509 N.E.2d 827, 833 (Ind. 1987). White is seeking to retain the benefit of his deal while shirking what he exchanged for it. He agreed to pay restitution, and must now do so.

[7] The judgment of the trial court is affirmed.

Bailey, J., and Mathias, J., concur.